1

2

3

4              **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7    SHIRLEY GLOVER,                    )
                                        )
8                        Plaintiff,     )         Case No. 2:12-cv-01558-APG-PAL
                                        )
9    vs.                                )         **ORDER**
                                        )
10   SMITH'S FOOD & DRUG CENTERS, INC., )         (Mot. Spoliation - Dkt. #17)
                                        )
11                       Defendant.     )
     _____)

12

13          The court conducted a hearing on Plaintiff's Motion for Spoliation of Evidence re: Photographs

14   (Dkt. #17) on August 20, 2013.  Christopher Burk appeared on behalf of the Plaintiff, and Jerry Busby

15   appeared on behalf of the Defendant.  The court considered the Motion, Defendant's Response (Dkt.

16   #19), the arguments of counsel, and at the conclusion of the hearing orally ruled from the bench but

17   indicated that a written order would follow.

18                                  **BACKGROUND**

19          This case involves a slip-and-fall action on March 4, 2011, in a grocery store in Las Vegas,

20   Nevada.  Plaintiff alleges she slipped on a liquid on the floor near the store's beer and wine department.

21   Defendant produced store reports indicating that a manager, John Laubhan, took nine photographs of

22   the area.  Additionally, Assistant Store Manager Craig Berch reviewed video in the area near the fall

23   and failed to preserve it when he determined that it did not depict the fall.  Mr. Berch testified at his

24   deposition that the camera which took the photos was mailed to Defendant's third-party Claims

25   Administrator Sedgwick.  However, none of the photos were produced by the Defendant or third-party

26   claims administrator Sedgwick during discovery.  During depositions Plaintiff learned that the video of

27   the wine and liquor area of the store was not preserved and employees confirmed they were not able to

28   produce the camera or the photographs of the incident.

1    Counsel for Plaintiff was retained shortly after the accident and sent a preservation letter March

2    17, 2011, asking the Defendant to preserve any and all evidence from the date of the incident.  Under

3    these circumstances, Plaintiff argues that Defendant's failure to preserve the video and photographs

4    constitutes spoliation of evidence.  Plaintiff requests a rebuttable presumption, or in the alternative, an

5    adverse inference instruction to the jury for the Defendant's failure to preserve this evidence.

6    Specifically, Plaintiff asks that the court instruct the jury that a rebuttable presumption or adverse

7    inference can be drawn that the Defendant was aware of the hazard causing Plaintiff's slip and fall

8    based on Defendant's inability to produce the photographic and video evidence.

9    Defendant's response advised the court that the photographs that were lost or potentially

10   destroyed were possibly located.  Defendant located unlabeled photographs it believes were taken after

11   the Plaintiff's accident and mailed them to Plaintiff's counsel July 11, 2013.  The photos appear to

12   depict an African-American female's body from the waist down, although defense counsel concedes the

13   "photographs are not perfect."  Defense counsel argues that it should not be difficult for Plaintiff to

14   identify whether the person's footwear shown in the photograph is the Plaintiff.  Given the likelihood

15   that these photographs are the photographs that were taken following this incident, it is premature for

16   the court to make a ruling on spoliation of evidence.

17   Defendant argues that at the time of the accident, Smith's employee, Laubhan, was stocking

18   dairy products thirty feet from where the fall occurred and immediately responded.  Laubhan observed a

19   two-inch puddle of clear liquid on the floor and recorded his observations in three separate reports.

20   After the incident, Assistant Store Manager Berch went to the video monitors located inside the

21   Manager's Office to check if there was video surveillance of the area where the incident occurred.  Mr.

22   Berch testified at his deposition that he checked the video system to see if the area was on video, but the

23   store did not have a camera on that specific location.  He testified that he was positive.  The store had a

24   camera that faced toward the liquor department, but did not cover the area where the fall occurred.  As a

25   result, he did not save the video because there was no video showing the accident.  The store where the

26   accident occurred has two digital video recorders, each of which has sixteen cameras.   The DVRs are

27   capable of retaining video footage on average for sixteen days depending on how much activity is being

28   recorded.  If video is not saved within sixteen days, it is automatically recorded over.

2

1    Plaintiff's counsel sent a letter of representation requesting that evidence related to the incident

2    be preserved on March 17, 2011.  However, defense counsel indicates that the letter was not sent to

3    either the store, or Sedgwick.  Instead, the letter was sent to Defendant's registered agent for service of

4    process.  Under these circumstances, Defendant argues that spoliation sanctions are not warranted.  If

5    the court believes some sanction is warranted, Defendant argues that the only possible sanction would

6    be an adverse jury instruction.  Dispositive sanctions should not be ordered because there is no evidence

7    that the store's failure to save the video was due to willfulness, fault, or bad faith, and Plaintiff has not

8    been prejudiced because the video would not have shown Plaintiff's accident.  A rebuttable

9    presumption instruction is not appropriate because Smith's did not wilfully destroy evidence with intent

10   to harm.  An adverse inference instruction is not warranted because Smith's had no obligation to

11   preserve irrelevant video footage.  Plaintiff cannot show Smith's failed to save the video with a

12   culpable state of mind, or that the video footage, if preserved, would have been relevant to this case.

13   During oral argument, counsel for Plaintiff acknowledged that his client was able to confirm

14   that she was the person in one of the photographs Defendant produced after the motion was filed.  The

15   court inquired of counsel for Defendant why the photographs had not been located and produced earlier.

16   Counsel for Defendant explained that his client had searched for the disposable camera which took the

17   photographs, but had been unable to locate them.  Defense counsel also contacted the third-party

18   administrator and determined that Sedgwick did not have the photos.  Shortly before the response to

19   Plaintiff's motion was filed, a store employee found the disposable camera in a junk drawer or box at

20   the store and provided them to defense counsel.  Counsel for Defendant acknowledged that the

21   photographs were poor quality, and that he was not aware of any store witness who could authenticate

22   the photographs or describe what they purport to depict.

23   **I.    Discussion.**

24   "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve

25   property for another's use as evidence in pending or reasonably foreseeable litigation." *West v.*

26   *Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  "Defendants engage in spoliation of

27   documents as a matter of law only if they had 'some notice that the documents were potentially

28   / / /

1   relevant' to the litigation before they were destroyed." *U.S. v. Kitsap Physicians Service*, 314 F.3d 995,

2   1001 (9th Cir. 2002) (*quoting Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)).

3         A trial court has broad discretion in determining a proper sanction for spoliation, including

4   outright dismissal of the lawsuit. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Additionally,

5   "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in

6   response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329

7   (9th Cir. 1993). *See also Yeti By Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir.

8   2001). This power includes the power to sanction a responsible party by instructing the jury that it may

9   infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party. *Id*.;

10  *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). The district court's exercise of this

11  discretionary power is reviewed by the Ninth Circuit for abuse of discretion. *Unigard Sec. Ins. Co. v.*

12  *Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992). To be actionable, the

13  spoliation of evidence must damage the right of a party to bring an action. *Ingham v. United States*, 167

14  F.3d 1240, 1246 (9th Cir. 1999) (*citing Unigard*, 982 F.2d at 371).

15        In *Akiona*, the Ninth Circuit discussed the twin rationales for permitting the trier of fact to draw

16  an adverse inference from the destruction of evidence relevant to a case. The evidentiary rationale for

17  the adverse inference is based on "the common sense observation that a party who has notice that a

18  document is relevant to litigation and who proceeds to destroy the document is more likely to have been

19  threatened by the document than is a party in the same position who does not destroy the

20  document . . . ." *Akiona*, *Id*. (*quoting Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988)).

21  There is also a deterrence rationale for permitting the trier of fact to draw an adverse inference from the

22  destruction of evidence. This rationale punishes a party for wrongdoing, and is intended to deter others

23  from destroying relevant evidence. However, "[a] party should only be penalized for destroying

24  documents if it was wrong to do so, and that requires, at a minimum, some notice that the documents

25  are potentially relevant." *Akiona*, *Id*.

26        **II.    Analysis.**

27        The accident in this case occurred on March 14, 2011. Plaintiff retained counsel who sent

28  Defendant's registered agent and store property manager a representation and preservation letter on

1    March 17, 2011.  The letter requested that the Defendant comply with its legal duty to preserve "any

2    and all evidence relating to the above-captioned matter."  More specifically, Plaintiff demanded that

3    Defendant "ensure that any and all video surveillance tapes, maintenance records and sweep logs

4    pertaining to this matter remain completely undisturbed.  Additionally, demand is hereby made that you

5    preserve all documentary and physical evidence relating to past, present and future inspections of the

6    subject premises."  *See* Exhibits 5 and 6 to Plaintiff's Motion (Dkt. #17).

7            During oral argument, counsel for Plaintiff acknowledged that he had no evidence that the video

8    surveillance footage depicted the incident or was wilfully destroyed.  Rather, counsel for Plaintiff

9    argued that Defendant should have preserved video surveillance footage throughout the store depicting

10   Plaintiff's movement before, during and after the incident even if the slip-and-fall itself or immediate

11   vicinity was not captured.  Counsel for Plaintiff emphasized that given modern technology, copying and

12   preserving footage is simple and inexpensive.  In Plaintiff's counsel's experience, Defendants

13   frequently preserve video when they perceive it is advantageous to them.  Counsel argued the court

14   should impose a legal obligation on premises owners to preserve all footage depicting a person who has

15   been injured in a slip-and-fall accident.  Plaintiff was in contact with store personnel shortly after the

16   accident, and it was reasonably foreseeable that she would file a lawsuit.

17           Spoliation motions are now routinely filed.  Trial courts are increasingly being asked to

18   delineate the scope of a party's duty to preserve evidence.  In this case, it is undisputed that store

19   personnel took nine photographs of the Plaintiff in an area where the slip and fall occurred after the

20   accident.  It is undisputed that the photographs were not produced in discovery because the disposable

21   camera containing the photographs was thrown in a junk drawer and not discovered until after this

22   motion was filed.  The accident occurred on March 4, 2011.  Defendants' registered agent and the

23   property manager of the individual store were put on notice that Plaintiff had retained counsel and

24   should preserve evidence of the accident by March 17, 2011.  The letter to the individual store was sent

25   via certified mail.  Yet, inexplicably, the camera containing photographs of the accident was not located

26   until July 2013.  The store was aware that photographs were taken because it is documented in the

27   incident reports produced in discovery.  It does not appear to the court that Defendant put much effort

28   into locating the photographs until after this motion was filed.

1    With the passage of time defense counsel does not have a store witness able to authenticate the

2  photographs or what they purport to depict.  Defense counsel suggested at the hearing that Plaintiff,

3  herself, could remedy these problems by authenticating them herself.  Although Plaintiff can certainly

4  testify whether she is depicted in one or more of the photographs, she has no basis for understanding

5  what Defendant contends they show.  The photographs are admittedly of poor quality.  The passage of

6  time and poor quality of the photographs render them of extremely limited evidentiary value if not

7  worthless.  Defendant breached its discovery obligations by failing to locate and produce the

8  photographs taken by store personnel in Defendant's initial disclosures, or shortly thereafter.  For

9  Defendant's failure to locate and produce photographs in the store's care custody and control, the court

10  will impose a discovery sanction in the form of a jury instruction advising the jury that Defendant had a

11  duty to locate and preserve the photographs, but failed to do so until sanctions were requested.

12    With respect to the store's failure to preserve video surveillance footage, the court will deny

13  Plaintiff's request for spoliation sanctions.  The assistant store manager in this case has testified under

14  oath that he reviewed the store's video surveillance footage to determine if there was any video

15  available that showed the fall or the immediate vicinity.  He determined the camera did not show the

16  accident or the immediate vicinity.  Plaintiff does not dispute these representations.  Rather, Plaintiff

17  argues that premises owners routinely keep all video of a Plaintiff or claimant traveling throughout the

18  store when it is in their interests, and should be required to do so as a matter of law or face spoliation

19  sanctions.  However, there is nothing in the record to support a finding that Smith's routinely or

20  customarily preserves all footage of persons who slip and fall in a store, whether or not the accident

21  itself is captured on video.  The preservation letter that Plaintiff sent in this case did not ask for all

22  video of the Plaintiff in the store on the date of the accident.  Rather, the letter broadly requested, "any

23  and all video surveillance tapes . . . pertaining to this matter."  The court finds that this request did not

24  place Defendant on notice that Plaintiff believed all video surveillance of the Plaintiff in the store on

25  the date of the incident should be preserved.  Additionally, Plaintiff has not articulated how all such

26  footage would be of evidentiary value to any claim or defense at issue in this case.  Accordingly, the

27  court will deny Plaintiff's request for spoliation sanctions for the Defendant's failure to preserve all

28  video surveillance of the Plaintiff in the store on the date of the accident.

Having reviewed and considered the moving and responsive papers and arguments of counsel,

**IT IS ORDERED** that:

1.    Plaintiff's Motion for Spoliation Sanctions (Dkt. #17) is **GRANTED** to the limited extent that the jury should be instructed that the Defendant violated its discovery obligations by failing to produce photographs of the accident taken by store personnel until after the motion for spoliation sanctions was filed, and that jury may, but is not required to infer that the evidence was unfavorable to the Defendant.

2.    The Motion is **DENIED** in all other respects.

Dated this 26th day of September, 2013.

_____
Peggy A. Lee
United States Magistrate Judge